IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANGELA NEAL, individually and as mother and next friend of KEON REEVES, a minor, | )<br>)<br>) |
| Plaintiff, | ) Case No. 2013 CV 5907<br>)<br>) Magistrate Judge Jeffrey T. Gilbert |
| vs. | )<br>) |
| TARGET CORPORATION, a foreign corporation, *et al.*, | )<br>)<br>) |
| Defendants. | ) |

## PETITION TO ENTER JUDGMENT

**NOW COMES** Defendant/Cross-Plaintiff, **TARGET CORPORATION**, by and through one of its attorneys, ROBERT M. BURKE of JOHNSON & BELL, LTD., and petitions this honorable Court, pursuant to Rule 58 of the Federal Rules of Civil Procedure, to enter judgment in its favor and against Cross-Defendants, **WALSAY, INC.** and **HOME NICHES, INC.**, in the amount of $494,127.96. In support thereof, Target Corporation states the following:

1.  Pursuant to Target Corporation's Motion for Partial Summary Judgment against Walsay, Inc., and Home Niches, Inc., the Hon. John Robert Blakey entered partial summary judgment in favor of Target Corporation and against Walsay, Inc., and Home Niches, Inc., on July 1, 2015. The Court specifically ruled as follows:

> [T]he Court finds that Target has demonstrated the existence of a valid contract – including a valid indemnification clause. Additionally, Target has shown that it performed its obligations under that contract and has shown that Home Niches did not. Target has also shown that, pursuant to the March 2011 assignment, Walsay was also obligated to perform under the Partners On-Line Agreement and did not. As a result, Target is

entitled to judgment as a matter of law on its breach of contract claims against Home Niches and Walsay.

(See page 12 of the District Court's Memorandum Opinion and Order, docket No. 150, filed July 1, 2015.)

2. Pursuant to Target's motion, the Court made its entry of partial summary judgment a final order pursuant to Rule 54(b). (See docket No. 156, filed July 20, 2015.) No appeal was taken from that Order.

3. On June 16, 2016, the Hon. Jeffrey T. Gilbert entered an Order advising the parties to set a date for Target to prove-up its damages on its Crossclaim against Home Niches, Inc., and Walsay, Inc. (See docket No. 218, filed June 16, 2016.)

4. The attached Affidavit of John Damico, the Claims Adjuster for Target Corporation's third-party administrator, Sedgwick Claims Management Services, is supported by a table of Target Corporation's settlement payments and payment of defense costs, with supporting invoices and copies of settlement checks, to establish the payments made by Target Corporation in settlement of this claim and in defense of this claim. (See the attached Affidavit of John Damico and Group Exhibit A attached thereto, which are incorporated herein by reference.[1])

5. Based upon the aforesaid Affidavit, Target Corporation has established that it paid the amount stated to settle Plaintiffs' causes of action against it and that it incurred and paid defense costs, including attorneys' fees, in defending the claims

---

[1] The Affidavit attached hereto is the "public-record version" of the Affidavit (see L.R. 26.2(c)), which has been redacted along with the amounts of the settlement checks. Contemporaneous with the filing of the instant motion, Target also will be filing a motion seeking leave of Court to file the unredacted Affidavit and the legal bills attached to the Affidavit under seal. As the amounts paid by the parties in settlement of the underlying personal injury claim are confidential, and as this Court has previously allowed documents pertaining to the settlement to be filed under seal (see docket entry No. 197, order dated January 19, 2016), in order to maintain the confidentiality of the settlement amount paid by Target, both the total amount of the judgment sought by Target and the amount of the settlement paid by Target have been redacted from the public-record version of the Affidavit.

brought against it. Pursuant to Judge Blakey's Order, Target Corporation is entitled to recover the settlement amount, as well as the defense costs incurred by it in defending the litigation, which payments total $494,127.96.

**WHEREFORE**, Defendant/Cross-Plaintiff, **TARGET CORPORATION**, prays that this honorable Court enter judgment in its favor and against Cross-Defendants Home Niches, Inc., and Walsay, Inc., in the amount of $494,127.96.

                                      Respectfully submitted,

                                      JOHNSON & BELL, LTD.

                          By:    /s/ Robert M. Burke
                                    One of the attorneys for Defendant/
                                    Cross-Plaintiff, Target Corporation

ROBERT M. BURKE
JOHNSON & BELL, LTD.
33 W. Monroe St., Suite 2700
Chicago, Illinois 60603
(312) 372-0770
burker@jbltd.com

## NOTICE OF FILING AND CERTIFICATE OF SERVICE

I hereby certify that on June 27, 2016, I electronically filed the foregoing **Petition to Enter Judgment** with the Clerk of the United States District Court for the Northern District of Illinois using the CM/ECF system and that a copy of said filing was on the same date to be served upon all counsel of record by the same CM/ECF system.

/s/ Robert M. Burke